# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JERMAINE REDMOND,<br><br>Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN, Warden,<br><br>Respondent. | Case No.  1:16-cv-01382-JLT (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Petitioner is currently in the custody of the Bureau of Prisons at the United States Penitentiary at Atwater, California ("USP Atwater").  He has filed a petition for writ of habeas corpus challenging a disciplinary action taken against him for abusing telephone privileges for which he was assessed a loss of 27 days of Good Conduct Time.  Petitioner claims he was improperly charged with a more serious offense, and he complains that the evidence did not support the charge.  Respondent contends that Petitioner was afforded all the procedural and substantive due process rights he was entitled to, and requests the petition be denied.  The Court[1] will DENY the petition.

I. **BACKGROUND**

Petitioner is incarcerated at USP Atwater serving an 80-month sentence from the District

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

of Arizona for having been found guilty of being a felon in possession of a firearm.  Resp't's Answer, Ex. 1, Hernandez Decl., (hereinafter "Hernandez Decl.") at ¶ 4, Attach. 1.  Petitioner currently has a projected release date of May 4, 2019, via good conduct time release.  Hernandez Decl. at ¶ 4.

On September 19, 2016, Petitioner filed a federal petition for writ of habeas corpus in this Court.  He does not challenge his conviction, but a disciplinary proceeding held on March 31, 2015, in which he was found guilty of violating, *inter alia*, Prohibited Act Code 297 ("Telephone Abuse for Purposes Other Than Criminal").  Id. at Attach. 4E.  Petitioner claims he was wrongly charged with a high severity violation resulting in the loss of Good Conduct Time when he should have been charged with a moderate severity violation instead.  He alleges the evidence does not support the high severity violation.

On December 5, 2016, Respondent filed an answer to the petition.  (Doc. No. 10.)  On January 6, 2017, Petitioner filed a reply to Respondent's answer.  (Doc. No. 12.)

**II.    DISCUSSION**

**A.    Jurisdiction**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991).  To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner.  See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining

whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

In this case, Petitioner challenges the execution of his sentence. Therefore, the Court has jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.

### B.   Venue

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. Petitioner is in the custody of the Bureau of Prisons at USP Atwater, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a); 2241(d). Therefore, venue is proper in this Court.

### C.   Exhaustion

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984). It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982). Respondent admits that Petitioner has exhausted his administrative remedies by presenting his claims to the highest level.

### D.   Review of Petition

#### 1.   Factual Background[2]

On March 4, 2015, prison staff monitoring inmate phone calls at the United States Penitentiary in Victorville, California, noticed a discrepancy in an outgoing call. An inmate identifying himself as John Haynes placed a ten-minute phone call to an external number. Utilizing the "TRU system," the reporting officer was able to positively identify Petitioner as the actual caller. After conducting further investigation, officers discovered that Petitioner had placed calls to the same telephone number eighty-four times since January 11, 2015. In addition,

---

[2] The factual background is derived from the Hernandez Declaration attached to Respondent's answer and supporting exhibits.

officers discovered that the telephone number belonged to Petitioner's sister-in-law, and the sister-in-law had placed money into the accounts of nine other inmates since December 4, 2014.

As a result, Petitioner was issued an incident report on March 5, 2015, charging him with, *inter alia*, a violation of Code 297, "Telephone Abuse for Purposes Other Than Criminal." Petitioner received a copy of the incident report that same day. He was also advised of his rights to have a staff representative to investigate the allegations and his rights to have witnesses and produce evidence. After a hearing before the Unit Discipline Committee, Petitioner was referred to the Disciplinary Hearing Officer ("DHO") for a disciplinary hearing. He was given written notice and a written copy of his rights for the hearing.

On March 31, 2015, the DHO a conducted hearing in the matter. Petitioner's due process rights were read and reviewed by the DHO. The DHO confirmed that Petitioner had received a copy of the incident report. Petitioner declined to call any witnesses and declined a staff representative. He did submit documentary evidence. He stated he understood his rights and was ready to proceed. The DHO then conducted a detailed review of Petitioner's use of two different inmates' phone accounts to call the same phone number a total of eighty-four times. Petitioner admitted he used other inmates' phone accounts to place telephone calls. He further admitted he bought commissary items for the inmates for use of their phone accounts.

Based on Petitioner's admissions, the DHO concluded that Petitioner had abused telephone privileges for purposes other than criminal. In addition, the DHO determined that Petitioner's sister-in-law had placed money into the other inmates' accounts as payment for Petitioner's use of the phone accounts. Petitioner was assessed a loss of 27 days of Good Conduct Time and a loss of telephone privileges for 18 months.

2.  Due Process Rights

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.

Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455 (citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).

Petitioner does not appear to dispute that he received the first three due process protections. Even if he did, it is clear the requirements were met. He was provided advance written notice of the March 31, 2015, hearing on March 5, 2015. He was also allowed to call witnesses and present documentary evidence. He declined to call any witnesses but did present documentary evidence. Finally, he was provided a written statement by the fact finder when he was issued a copy of the DHO's report.

Petitioner argues that there is insufficient evidence supporting the charge of Code 297, and the evidence only supports a finding of the lesser infraction of Code 397. Code 297 prohibits the "use of the telephone for abuses other than illegal activity *which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called*." Hernandez Decl., Attach. 2 (emphasis added). Code 397 prohibits the "use of the telephone for abuses other than illegal activity *which do not circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called*." Id. (emphasis added). Petitioner argues that he did not circumvent the system because the reporting officer knew of the number of calls made, the content of the calls, and the number being called. His argument is not well-taken.

In truth, Petitioner's actions were not detected until after he had made 84 calls over a several month period, and only after a discrepancy was detected and officers investigated. In other words, Petitioner "circumvented the ability of staff to monitor his illegal phone calls" from

January 11, 2015, until March 4, 2015, because staff were unaware of the illegal calls during that time period. Had officers not discovered the discrepancy when they did, it is unknown how long Petitioner would have continued to conduct his illegal activity. This clearly constitutes at least "some evidence" of the more serious charge. Accordingly, the DHO's determination that Petitioner violated Prohibited Act Code 297 did not violate his due process rights. Wolff, 418 U.S. at 564.

### III. ORDER

Accordingly, the Court **ORDERS**:

1) The Petition for a Writ of Habeas Corpus is DENIED WITH PREJUDICE;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) As this petition is filed pursuant to 28 U.S.C. § 2241 and does not concern the underlying conviction, a certificate of appealability is not required. Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir.1997).

IT IS SO ORDERED.

Dated:   **February 28, 2017**          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE